# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICITAS TORRES CASTILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:14-cv-01566-SAB<br><br>ORDER GRANTING PLAINTIFF'S SOCIAL SECURITY APPEAL AND REMANDING ACTION FOR FURTHER PROCEEDINGS<br><br>(ECF Nos. 18, 21) |

**I.**

**INTRODUCTION**

Plaintiff Felicitas Torres Castillo ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

Plaintiff suffers from lumbar spine degenerative disc disease and degenerative joint disease, obesity, and major depressive disorder. For the reasons set forth below, Plaintiff's Social Security appeal shall be granted.

///

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (See ECF Nos. 10, 11.)

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2011, Plaintiff protectively filed a Title XVI application for supplemental security income. (AR 81.) Plaintiff's applications were initially denied on December 2, 2011, and denied upon reconsideration on March 30, 2012. (AR 100-105, 111-115.) Plaintiff requested and received a hearing before Administrative Law Judge Jennifer M. Horne ("the ALJ"). Plaintiff appeared for a video hearing on January 29, 2013. (AR 46-65.) On February 8, 2013, the ALJ found that Plaintiff was not disabled. (AR 15-30.) The Appeals Council denied Plaintiff's request for review on July 28, 2014. (AR 7-9.)

### A. Relevant Hearing Testimony

Plaintiff testified at the January 29, 2013 hearing with the assistance of a Spanish language interpreter. (AR 48-60.) Following Plaintiff's testimony, a vocational expert ("VE"), Thomas Linvill, testified at the hearing. (AR 60-64.)

The ALJ presented a hypothetical of an individual of Plaintiff's age and education, who is able to lift and carry 25 pounds frequently and 50 pounds occasionally; and can sit, stand or walk for 6 hours in an 8 hour day. (AR 61.) The individual is limited to performing simple, routine, repetitive, unskilled labor involving occasional contact with the public, co-workers and supervisors; and can do no work that involves reading, writing, or speaking English. (AR 61.) The VE opined that this individual would be able to work as a salvage laborer, Dictionary of Occupational Title ("DOT") 929.687-022, medium, SVP 2, with 59,000 jobs nationally and 10,000 in the state; hand packager, DOT 920.587-018, medium, SVP 2, with 53,000 jobs nationally and 15,000 in the state; and industrial cleaner, DOT 381.687-018, medium, SVP 2, with 1.4 million jobs nationally and 140,000 in the state. (AR 61-62.)

The ALJ presented a second hypothetical with the same individual who was limited to light work. (AR 62.) The VE opined that this individual would be able to work as a housekeeping cleaner, DOT 323.687-014, light, SVP 2, with 223,000 jobs in the national economy and 25,000 in the state; inspector hand packager, DOT 559.687-074, light SVP 2, with 145,000 jobs in the national economy and 25,000 in the state; and assembler small products,

1  DOT 706.684-022, light, SVP 2, with 78,500 jobs in the national economy and 7,000 in the state.
2  (AR 47.) The ALJ considered that this individual was only able to perform light work and the
3  numbers provided were eroded by one third to account for the lower exertion level. (AR 63.)
4  The VE testified that his testimony was consistent with the DOT. (AR 61-64.)

5  The VE presented a third hypothetical with the same individual who would be absent
6  more than one day per month due to interference from psychologically based symptoms. (AR
7  64.) The VE opined that there would be no work for this individual. (AR 64.)

### B. ALJ Findings

The ALJ found that Plaintiff had not engaged in any substantial gainful activity since August 15, 2011, the application date. (AR 23.) Plaintiff had the following severe impairments: lumbar spine degenerative disc disease and degenerative joint disease, obesity, and major depressive disorder. (AR 23.) Plaintiff did not have an impairment or combination of impairments that meet or equal the severity of one of the listed impairments. (AR 23.)

Plaintiff had the residual functional capacity to perform light work. (AR 24.) Plaintiff was limited to simple, routine, repetitive, unskilled work tasks involving occasional interaction with the public, co-workers, and supervisors; and no jobs requiring reading, writing, or speaking English. (AR 24.) Plaintiff had no past relevant work. (AR 29.)

Plaintiff was born on November 20, 1967, and was 43 years old on the date the application was filed, which is defined as a younger individual. (AR 29.) Plaintiff was unable to communicate in English and was considered illiterate in English. (AR 29.) Considering Plaintiff's age, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that Plaintiff can perform. (AR 29.) Plaintiff had not been under a disability, as defined in the Social Security Act, from August 15, 2011. (AR 30.)

## III.

## LEGAL STANDARD

To qualify for disability insurance benefits under the Social Security Act, the claimant must show that she is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five step sequential evaluation process to be used in determining if a claimant is disabled. 20 C.F.R. § 404.1520; Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In reviewing findings of fact in respect to the denial of benefits, this court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) (quoting Flaten v. Sec'y of

1  Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

2  "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006).  However, it is not this Court's function to second guess the ALJ's conclusions and substitute the court's judgment for the ALJ's.  See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

## IV.

## DISCUSSION AND ANALYSIS

Plaintiff only challenges the step five finding that there are jobs in the national economy that she can perform.  (Plaintiff's Opening Brief 5, ECF No. 18.)  Plaintiff argues that the VE's testimony differed from the DOT due to her inability to speak, write, or read English.  (Id. at 6-12.)  Defendant replies that the hypothetical presented specifically stated that the job was not to require speaking, reading, or writing in English.  (Defendant's Responsive Brief 3-5, ECF No. 21.)  Defendant contends that since the VE identified jobs that require the lowest language levels there is no conflict with the DOT.  (Id. at 5-6.)

At step five the burden shifts to the Commissioner to show that there is other work that exists in the national economy that the claimant is able to perform.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  In determining whether such jobs exist, the ALJ will generally consult the DOT and use the services of a vocational expert.  Light v. Social Sec. Admin., 119F.3d 789, 793 (9th Cir. 1997); 20 C.F.R. § 404.1566(d) and (e).  An ALJ cannot rely on the VE's testimony without inquiring whether it conflicts with the DOT and obtaining a reasonable explanation for any apparent conflict.  Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007).  Evidence that is sufficient to permit a deviation from the DOT may be specific finding of fact as to the claimant's residual functional capacity or inferences that can be drawn from the context of the VE's testimony.  Light, 119 F.3d at 793.

/ / /

**A.  Illiteracy**

Plaintiff contends that her illiteracy and inability to communicate in English are inconsistent with the DOT which requires a Language Level 1 or 2 for the identified jobs. Plaintiff argues that although the VE stated his opinion did not vary from the DOT he did not attempt to explain how an individual who cannot read, write or speak English can perform the jobs identified.

The VE identified at least one job that requires a Language Level 1. (DOT 323.687-014, ECF No. 18-1.) This is the lowest language development contemplated by the DOT. 2 Dictionary of Occupational Titles, App. C—Components of the Definition Trailer, ECF No. 18-2; see also Donahue v. Barnhardt, 279 F.3d 441, 445 (7th Cir. 2002) ("basic literacy [defined as a vocabulary of 2,500 words, the ability to read about 100 words a minute, and the ability to print simple sentences] is essential for *every job in the economy*") (emphasis in original). Language Level 2 requires:

> Reading: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes.
> Writing: Write compound and complex sentences, using cursive style, proper end punctuation, and employing adjectives and adverbs.
> Speaking: Speak clearly and distinctly with appropriate pauses and emphasis, correct punctuation, variations in word order, using present, perfect, and future tenses.

(ECF No. 18-2 at 5.)

The Ninth Circuit has held "only literacy in English is considered, since literacy in other languages has little effect on the number of jobs in the national economy available to the claimant. 20 C.F.R. §§ 404.1564(b)(5), 416.964(b)(5). 'Illiterate' therefore means illiterate in English." Chavez v. Dep't of Health and Human Services, 103 F.3d 849, 852 (9th Cir. 1996); see also Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000) (illiteracy is the inability to read or write in English). However, "[w]hile illiteracy or the inability to communicate in English may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, literacy or ability to communicate in English has the least

1 significance." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(I) "Thus, the functional capability for a full range of sedentary work represents sufficient numbers of jobs to indicate substantial vocational scope for those individuals age 18–44 even if they are illiterate or unable to communicate in English." Id.

In Pinto v. Massanari, 249 F.3d 840 (9th Cir. 2001), the ALJ found that claimant was able to perform her past job duties which required a Language Level 2, and neither the ALJ nor VE explained how her inability to communicate in English would impact her ability to find and perform a similar job. Id. at 847. The DOT required a language ability above that possessed by the claimant who was illiterate. Id. at 846. The Ninth Circuit reversed finding that the failure to consider how the claimant's language limitations would impact her ability to find and perform the identified jobs was error. Id.

In this instance, the ALJ found that Plaintiff is unable to communicate in English and neither the ALJ nor the VE addressed how this will impact her ability to find and perform those jobs identified by the VE in the hearing. While Defendant argues that the VE took Plaintiff's language into account in reducing the number of jobs available, this is contradicted by the hearing testimony. The VE stated that the number of jobs was eroded to compensate for the ability to perform light work. The VE did not address how Plaintiff's illiteracy would impact the jobs available.

Defendant cites to this Court's recent decision in Vankham v. Comm. of Social Sec., No. 1:13–cv–01791–SAB, 2014 WL 7409083 (E.D. Cal. Dec. 31, 2014), in which the Court affirmed the decision that the plaintiff could perform the jobs identified by the VE. However in Vankham, the VE specifically addressed that the jobs identified were SVP 1 jobs that did not require language. Id. at *3. That is not the case here where the VE was silent on Plaintiff's illiteracy.

Similarly in Meza v. Astrue, No. C-09-1402-EDL, 2011 WL 11499, at *21 (N.D. Cal. Jan. 4, 2011), the VE testified that the claimant could perform jobs, where someone else could give a short demonstration, and the claimant could carry out the job. No such testimony was elicited here.

7

1  While it is clear that illiteracy does not entitle Plaintiff to a finding that she is disabled, 2 Pinto, 249 F.3d at 847, the VE must address how her illiteracy will impact her ability to find and 3 perform the jobs identified since her language ability conflicts with the DOT.  That was not done 4 in this instance.  For this reason, substantial evidence does not support the ALJ's determination 5 that a significant number of jobs exist in the economy that Plaintiff could perform.  This action 6 shall be remanded for the ALJ to further develop the record in this regard.

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, the ALJ erred by not addressing how Plaintiff's illiteracy will affect her ability to find and perform jobs that exist in significant numbers in the national economy.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security is GRANTED and this action is remanded back to the Commissioner for further administrative proceedings consistent with this opinion.  The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: **January 5, 2016**

UNITED STATES MAGISTRATE JUDGE

8